1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   VIRGINIA ESTRADA
6

FILED

2010 MAR 11  P 2: 08

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

ADR

E-filing

7
8          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9               SAN JOSE DIVISION

10  VIRGINIA ESTRADA,                    Case No. CV 10 - 0 1 0 4 6 PVT

11                        Plaintiff,     COMPLAINT

12       v.                             DEMAND FOR JURY TRIAL

13  RICHARD J. BOUDREAU &
    ASSOCIATES, LLC, a Massachusetts limited   15 United States Code § 1692 et seq.
14  liability company; RICHARD J.              California Civil Code § 1788 et seq.
    BOUDREAU, individually and in his official California Civil Code § 1812.700 et seq.
15  capacity; LVNV FUNDING, LLC, a
    Delaware limited liability company,
16
17                        Defendants.

18       Plaintiff, VIRGINIA ESTRADA (hereinafter "Plaintiff"), based on information and belief and

19  investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

20  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

21                        **I. INTRODUCTION**

22
23       1.   This is an action for statutory damages, attorney fees and costs brought by an

24  individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

25  1692 et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California

26  Civil Code § 1788 et seq. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in

27  abusive, deceptive and unfair practices.  Plaintiff also seeks statutory damages, attorney fees and costs

28

for Defendants' violation of Cal. Civil Code §§ 1812.700-1812.702.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6.     Plaintiff, VIRGINIA ESTRADA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.     Defendant, RICHARD J. BOUDREAU & ASSOCIATES, LLC (hereinafter "LLC"), is a Massachusetts limited liability company engaged in the business of collecting debts in this

state with its principal place of business located at: 77 Main Street, Andover, Massachusetts 01810-3845. LLC may be served at the address of its Agent for Service of Process at: Richard J. Boudreau & Associates, LLC, c/o Richard J. Boudreau, Resident Agent, 77 Main Street, Andover, Massachusetts 01810-3845. The principal purpose of LLC is the collection of debts using the mails and telephone, and LLC regularly attempts to collect debts alleged to be due another. LLC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). LLC is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

8. Defendant, RICHARD J. BOUDREAU (hereinafter "BOUDREAU"), is a natural person and is or was an employee, agent, officer and/or director of LLC at all relevant times. BOUDREAU may be served at his current business address at: Richard J. Boudreau, Richard J. Boudreau & Associates, LLC, 77 Main Street, Andover, Massachusetts 01810-3845 and at his residence address at: Richard J. Boudreau, 2 Tiffany Lane, Andover, Massachusetts 01810-3317. BOUDREAU is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). BOUDREAU is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Plaintiff is informed and believes, and thereon alleges that BOUDREAU is liable for the acts of LLC because he sets and approves LLC collection policies, practices, procedures and he directed the unlawful activities described herein.

9. Defendant, LVNV FUNDING, LLC (hereinafter "LVNV"), is a Delaware limited partnership engaged in the business of collecting debts in this state with its principal place of business located at: 15 South Main Street, Suite 600, Greenville, South Carolina 29601-2768. LVNV may be served as follows: LVNV Funding, LLC, c/o The Corporation Trust Company, Agent for Service of Process, 1209 Orange Street, Wilmington, Delaware 19801-1120. The principal business of LVNV is the collection of debts using the mails and telephone, and LVNV regularly attempts to collect debts

1  alleged to be originally due another.  LVNV is a "debt collector" within the meaning of 15 U.S.C. §

2  1692a(6) and Cal. Civil Code § 1788.2(c).  LVNV is vicariously liable to Plaintiff for the acts of LLC

3  and BOUDREAU.[1]

4
5      10.    At all times herein mentioned, each of the Defendants was an officer, director,

6  agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

7  times, each Defendant was acting in the full course and scope of said office, directorship, agency,

8  service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

9  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

10                     **VI.  FACTUAL ALLEGATIONS**

11
12      11.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a

13  financial obligation, namely a consumer credit account issued by Wal-Mart and bearing the account

14  number XXXX-XXXX-XXXX-5053 (hereinafter "the alleged debt").  The alleged debt was incurred

15  primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by

16  15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

17
18      12.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on

19  a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise transferred to LVNV.

20      13.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on

21  a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to LLC and

22  BOUDREAU for collection from Plaintiff.

23
24      14.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a

25  "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26      15.    The collection letter (Exhibit "1") is dated July 3, 2009.

27  _____
[1]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the
28  actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection
Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt
collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

16.    The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

17.    A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18.    The collection letter (Exhibit "1") was sent in an envelope on which a postage meter stamp dated July 6, 2009, was imprinted.

19.    Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about July 6, 2009.

20.    The collection letter (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by an attorney.

21.    Plaintiff is informed and believes, and thereon alleges, that no attorney conducted a professional review of Plaintiff's account before sending the collection letter (Exhibit "1") to the Plaintiff.[2]

22.    Plaintiff is informed and believes, and thereon alleges, that the collection letter (Exhibit "1") misrepresented the role and involvement of legal counsel.

23.    Plaintiff is informed and believes, and thereon alleges, that the collection letter (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

/ / /

---

[2] See, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993); *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996); *Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009) ("We caution lawyers who send debt collection letters to state clearly, prominently, and conspicuously that although the letter is from a lawyer, the lawyer is acting solely as a debt collector and not in any legal capacity when sending the letter. The disclaimer must explain to even the least sophisticated consumer that lawyers may also be debt collectors and that the lawyer is operating only as a debt collector at that time. Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.'").

24.     The collection letter (Exhibit "1") states in relevant part:

Unless, within 30 days after your receipt of this letter, you dispute the validity of this debt, this office will assume the debt is valid.

25.     The collection letter (Exhibit "1") fails to notify Plaintiff that she could dispute a portion of the alleged debt.[3]

26.     The collection letter (Exhibit "1") informs the reader of the debt being collected in 11 point type.

27.     The collection letter (Exhibit "1") provides the notice required by Cal. Civil Code § 1812.700(a) in 9.5 point type.

28.     The collection letter (Exhibit "1") provides the notice required by Cal. Civil Code § 1812.700(a) in a type-size that is smaller than 12-point type and smaller than the type-size used to inform Plaintiff of the specific debt being collected.

29.     Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint.   Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

30.     Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

31.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

32.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

---

[3]   See, *Baker v. G.C. Services Corp.*, 677 F.2d 755, 778 (9th Cir. 1982).

1692a(3).

33.     Defendant, LLC, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34.     Defendant, BOUDREAU, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

35.     Defendant, LVNV, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

36.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

37.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

    a.     Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b.     Defendants misrepresented Plaintiffs' right to dispute the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    c.     Defendants falsely represented or implied that an attorney had reviewed Plaintiff's account when no attorney had done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    d.     Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    e.     Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); and

    f.     Defendants failed to send Plaintiff a written notice containing a statement

that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, *or any portion thereof*, the debt will be assumed to be valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3).

38.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

40.    Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

41.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

42.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

43.    Defendant, LLC, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

44.    Defendant, BOUDREAU, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

45.    Defendant, LVNV, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

46.    The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

47.    Defendants have violated the RFDCPA.  The violations include, but are not

limited to, the following:

        a.    Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[4]

        b.    Defendants misrepresented Plaintiffs' right to dispute the debt, in violation of Cal. Civil Code § 1788.17;[5]

        c.    Defendants falsely represented or implied that an attorney had reviewed Plaintiff's account when no attorney had done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6]

        d.    Defendants falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7]

        e.    Defendants misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[8] and

        f.    Defendants failed to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, *or any portion thereof*, the debt will be assumed to be valid by the debt collector, in violation of Cal. Civil Code § 1788.17.[9]

        48.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

        49.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

---

[4] 15 U.S.C. §§ 1692e and 1692e(10).
[5] 15 U.S.C. §§ 1692e and 1692e(10).
[6] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[7] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[9] 15 U.S.C. § 1692g(a)(3).

($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

50. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[10]

51. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[11]

52. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### CALIFORNIA CONSUMER COLLECTION NOTICE

53. Plaintiff brings the third claim for relief against Defendants under California Civil Code §§ 1812.700-1812.702.

54. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

55. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

56. Defendant, LLC, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

57. Defendant, BOUDREAU, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

---

[10] 15 U.S.C.§ 1692k(a)(2)(A).
[11] 15 U.S.C.§ 1692k(a)(3).

58.   Defendant, LVNV, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

59.   The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

60.   Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in their first written notice to Plaintiff in a type-size that was at least the same type-size as that used to inform Plaintiff of her specific debt or 12-point type, in violation of Cal. Civil Code § 1812.701(b).

61.   Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

62.   As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each defendant, pursuant to Cal. Civil Code § 1812.702.[12]

63.   As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702.[13]

64.   As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1812.702.[14]

65.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.30(c) and 1788.17 are intended to be cumulative and in addition to any other procedures,

---

[12] Cal. Civil Code § 1788.30(b).
[13] Cal. Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[14] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3).

rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692g(a)(3);

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d) Declare that Defendants violated Cal. Civil Code § 1812.701(b);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[15]

h) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[16]

i) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[17]

j) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[18] and 1788.30(c); and

k) Award Plaintiff such other and further relief as may be just and proper.

[15] 15 U.S.C. § 1692k(a)(2)(A).
[16] Cal. Civil Code § 1788.30(b).
[17] Cal. Civil Code § 1788.17 incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[18] 15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
VIRGINIA ESTRADA

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VIRGINIA ESTRADA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

# Richard J. Boudreau & Associates, LLC

## Attorneys At Law

5 Industrial Way
Salem, New Hampshire 03079
Telephone (603) 890-1644
Facsimile (603) 890-6790

**Toll Free Number 866-890-1644**

Richard J. Boudreau*
Robert L. O'Brien**†
Adam Zlotnick**a‡
Patrick L. Handlin*
Charlene M. Sandlin*

*Admitted in Massachusetts
*Admitted in New Hampshire
† Admitted in Iowa & Nebraska
‡ Admitted in Oklahoma & Arkansas

July 3, 2009

**PERSONAL & CONFIDENTIAL**
Virginia Estrada                1474283
285 Vineyard Dr
San Jose, CA 95119-1865

Our Client: Lvnv Funding Llc
Original Creditor: Wal-Mart
Original Account #: 6032203490925053
RJB Reference No: 1474283

Balance: $3903.52

Dear M/M Estrada:

This letter is sent to let you know that the above account has been assigned to this firm. Please make a note for your records that all payments and correspondence regarding this matter should be sent to this firm at:

Richard J. Boudreau & Associates, LLC
5 Industrial Way
Salem, NH 03079

Your payments should be payable to RJBA, LLC CLIENT TRUST ACCOUNT, and include the Reference No. 1474283. Please note the above-listed balance is as of the date of this letter, and is subject to change as a result of interest accruing on the account. Please call us at the toll-free number listed above for a current payoff at the time of any payment. If you wish to discuss this matter, please contact Brandon Robinson, a non-attorney account representative.

Unless, within 30 days after your receipt of this letter, you dispute the validity of this debt, this office will assume the debt is valid. If, within thirty days of your receipt of this letter, you notify us in writing that the debt or any portion is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail to you a copy of such verification or judgment. If the original creditor is different from the above-named client, then upon your written request within 30 days of your receipt of this notice we will provide you with the name and address of the original creditor.

If an attorney represents you, that fact was not included in the information provided to us. Please provide us with the attorney's contact information.

If you had requested that no calls be made to you, that no correspondence be sent to you, and/or that you refuse to pay the account, that information was not provided to us. Please provide us with that information so that we can update our records.


**EXHIBIT 1**

Sincerely,

Richard J. Boudreau& Associates, LLC

RS001-59

**This correspondence is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.**
**Important notices appear on the back of this letter. Please read them as they may affect your rights.**

RS001-59 002140P 1 399 002024 183 080567 S-NOCRE

We are required under state and/or federal laws to notify consumers of certain rights. This list does not include a complete list of rights consumers may have under state or federal laws or regulations.

## NOTICE OF IMPORTANT RIGHTS

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In Colorado:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.State.co.us/CADC/cadcmain.cfm.html

**In Kansas:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made or obtained. Within a reasonable period of time after your receipt of this letter, upon your written request for additional information regarding the scope and nature of our investigation, complete and accurate disclosure of the nature and scope of the investigation requested will be provided.

**In Maine:** Office locations: 5 Industrial Way, Salem, NH 03079 and 50 Tower Office Park, Woburn MA 01801. Phone: 866-890-1644. Business hours: 8:00 am - 9:00 pm Monday-Thursday, 8:00 am - 5:00 pm Friday, 8:00 am - Noon Saturday (Eastern Time).

**In Massachusetts:** Office locations: 5 Industrial Way, Salem, NH 03079 and 50 Tower Office Park, Woburn MA 01801. Phone: 866-890-1644. Business hours: 8:00 am-9:00 pm Monday-Thursday, 8:00 am - 5:00 pm Friday, 8:00 am - Noon Saturday (Eastern Time). Notice of important rights: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the creditor.

**In Texas:** Office locations: 5 Industrial Way, Salem, NH 03079 and 50 Tower Office Park, Woburn MA 01801. Phone: 866-890-1644. Business hours: 8:00 am - 9:00 pm Monday-Thursday, 8:00 am - 5:00 pm Friday, 8:00 am - Noon Saturday (Eastern Time).

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In New York City:** Dept of Consumer Affairs Lic No. 1259571 for 5 Industrial Way, Salem, NH 03079 and Dept of Consumer Affairs Lic No. 1260977 for 50 Tower Office Park, Woburn MA 01801. For info: www.nyc.gov/comsumers or 42 Broadway, New York, NY 10004.

### Privacy Notice

In accordance with federal regulations, Richard J. Boudreau & Associates, LLC (RJBA) is giving you this notice to tell you how we may use non-public personal information about you or your account (Private Information). This notice applies whether you are a current or a former customer of RJBA, its clients, or the original creditor.

COLLECTION AND USE OF PRIVATE INFORMATION: We collect Private Information about you from the following sources:
* Information we receive from you either directly or indirectly such as information on applications or other forms, which may include your name, address, social security number, assets, and income,
* Information about your transactions with our affiliates, others, or us such as your account balance and payment history.
* Information we receive from consumer reporting agencies, such as your credit history and creditworthiness.

DISCLOSURE OF PRIVATE INFORMATION: We may disclose all of the information that we collect (as described above) including Private Information with non-affiliate third parties, as permitted or as may be required by law, and not inconsistent with or prohibited by the FDCPA.

MAINTENANCE OF ACCURATE INFORMATION: We have established procedures to correct inaccurate information in a timely manner. If you believe that our record of your Private Information is incorrect, contact us at GLB Compliance Officer, 5 Industrial Way, Salem, NH 03079 or by telephone 1 (603) 212-9209.

PROTECTION OF INFORMATION: We restrict access to Private Information about you to our employees or vendors who need this information to provide products or services to you and as permitted or as may be required by law, and not inconsistent with or prohibited by the FDCPA. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information. RJBA reserves the right to monitor and/or record telephone calls for training, quality control and compliance purposes including calls originated by, or made to RJBA.

> **IF YOU ARE ENTITLED TO THE PROTECTIONS OF THE UNITED STATES BANKRUPTCY CODE (11 USC §§362; 524) REGARDING THE SUBJECT MATTER OF THIS COMMUNICATION, THE FOLLOWING APPLIES TO YOU: THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY STAY AND IS FOR INFORMATIONAL PURPOSES ONLY.**

IMPORTANT INFORMATION ABOUT CREDIT REPORTING by our client(s): They may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report subject to the limits of the law in your state.

> If you pay by a paper check, authorize electronic checks or payment(s) over the phone, you are authorizing us to convert it into an electronic debit, which may clear faster, without further notice to you. You may not receive your check in your statement. If your check or payment is returned or dishonored for any reason, we may redeposit it electronically.

# PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Sherman Acquisition Limited Partnership | Resurgent Capital Services L.P. | Anson Street LLC |
| Sherman Acquisition II Limited Partnership | Resurgent Capital Services PR LLC | Ashley Funding Services LLC |
| | LVNV Funding, LLC | Credit One Bank, N.A. |
| Sherman Acquisition L.L.C. | Ascent Card Services, LLC | SFG REO, LLC |
| Sherman Acquisition TA LP | Ascent Card Services II LLC | PYOD LLC |
| | | Tradd Street LLC |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

## Sharing Collected Information with Affiliates and Third Parties

**Sharing with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

## Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act

This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

011409

5 Industrial Way
Salem, NH 03079

**PERSONAL & CONFIDENTIAL**

Virginia Estrada
285 Vineyard Dr
San Jose, CA 95119-1865

1474283

PRESORTED
FIRST CLASS


